**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | HyLife Foods Windom, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Prime Pork, LLC<br>Comfrey Farm |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 6 1 – 1 7 7 5 3 9 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2850 Highway 60 E.<br>Number    Street | _____<br>Number    Street |
| _____ | _____<br>P.O. Box |
| Windom, MN 56101<br>City    State    ZIP Code | _____<br>City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Cottonwood County<br>County | _____<br>Number    Street |
| | _____ |
| | _____<br>City    State    ZIP Code |

5. **Debtor's website** (URL)    _____

---

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor    **HyLife Foods Windom, LLC**    Case number (*if known*)_____
          Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above

    B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    3  1  1  6

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ☐ Chapter 7
    ☐ Chapter 9
    ☒ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

Debtor  **HyLife Foods Windom, LLC**  Case number *(if known)*_____
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                          MM / DD / YYYY
   If more than 2 cases, attach a separate list.
              District _____ When _____ Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.  Debtor _____ Relationship _____
            District _____ When _____
                                                            MM / DD / YYYY
    List all cases. If more than 1, attach a separate list.
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☐ No
    ☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☒ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** 2850 Highway 60 E._____
                              Number    Street

    _____

    Windom, MN 56101_____    _____ _____
    City                                 State ZIP Code

    **Is the property insured?**

    ☐ No
    ☒ Yes. Insurance agency  Crestbrook Insurance Company_____

           Contact name  _____

           Phone  _____

---

| Statistical and administrative information |
|---|

Debtor   HyLife Foods Windom, LLC                           Case number (if known) _____
         Name

### 13. Debtor's estimation of available funds

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

☐ 1-49              ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
☒ 200-999

### 15. Estimated assets

☐ $0-$50,000                 ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000           ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000          ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☒ $100,000,001-$500 million     ☐ More than $50 billion

### 16. Estimated liabilities

☐ $0-$50,000                 ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000           ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000          ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☒ $100,000,001-$500 million     ☐ More than $50 billion

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/27/2023
             MM / DD / YYYY

X _____        Grant Lazaruk
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

Debtor  **HyLife Foods Windom, LLC**　　　　　Case number (*if known*)_____
　　　　Name

**18. Signature of attorney**　　　✗ /s/ Jeremy W. Ryan　　　　　　　Date  04/27/2023
　　　　　　　　　　　　　　　　　Signature of attorney for debtor　　　　　　MM / DD / YYYY

　　　　　　　　　　　　　　　　　Jeremy W. Ryan
　　　　　　　　　　　　　　　　　Printed name
　　　　　　　　　　　　　　　　　Potter Anderson & Corroon LLP
　　　　　　　　　　　　　　　　　Firm name
　　　　　　　　　　　　　　　　　1313 North Market Street, 6th Floor
　　　　　　　　　　　　　　　　　Number　　Street
　　　　　　　　　　　　　　　　　Wilmington　　　　　　　　　　　　DE　　19801
　　　　　　　　　　　　　　　　　City　　　　　　　　　　　　　　　State　ZIP Code

　　　　　　　　　　　　　　　　　(302) 984-6000　　　　　　　　　　jryan@potteranderson.com
　　　　　　　　　　　　　　　　　Contact phone　　　　　　　　　　　Email address

　　　　　　　　　　　　　　　　　4057　　　　　　　　　　　　　　　DE
　　　　　　　　　　　　　　　　　Bar number　　　　　　　　　　　　State

## RIDER

## Pending Bankruptcy Cases Filed by Debtor and Debtor's Affiliates

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint consideration of their cases with the lead case number assigned to the chapter 11 case of debtor Tritek International Inc.

1. Tritek International Inc.
2. HyLife Foods Windom, LLC
3. Canwin Farms, LLC

| Fill in this information to identify the case: |
|---|
| **Debtor name:** TRITEK INTERNATIONAL INC., et al. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 23-_____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis     12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Centimark Corp.<br>12 Grandview Circle<br>Canonsburg PA 15317 | Chuck Blair<br>chuck.blair@centimark.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $1,111,733.00 |
| 2 | Westrock CP LLC<br>504 Thrasher Street<br>Norcross GA 30071-1967 | Shawn Rowland<br>Shawn.rowland@westrock.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $971,427.68 |
| 3 | Robert W. Carlstrom Co. Inc.<br>1901 Excel Dr<br>Mankato MN 56001-6281 | Keith Haff<br>Tel: (507) 344-4931<br>keithh@rwcarlstrom.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $539,820.40 |
| 4 | Amcor Flexibles North America Inc.<br>3 Parkway North<br>Deerfield IL 60015 | Jeffrey Dickerhoof<br>Jeffrey.dickerhoof@amcor.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $476,769.67 |
| 5 | Five Star Logistics And Distribution Services<br>1601 39th Street<br>North Tampa FL 33605 | info@fivestarlogistics.com | Accounts Payable | ☐ C<br>☐ U<br>☑ D | | | $360,923.60 |
| 6 | Master Electric<br>1301 Olympic Boulevard<br>Santa Monica CA 90404 | Joe Huotari<br>joe.huotari@masterelectric.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $282,493.18 |

Debtor  **TRITEK INTERNATIONAL INC., et al.**                                                                 Case number *(if known)* **23-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Spring Hill Pallet Inc.<br>164 Seven Pines Cut-off<br>Longview TX 75605 | Brian Hofer<br>brianhofer@springhillpallet.ca | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $246,136.80 |
| 8 | Marel Inc.<br>8145 Flint Street<br>Lenexa KS 66214 | Allison Attaway<br>Allison.Attaway@marel.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $225,194.36 |
| 9 | Qvest LLC<br>205 SE 2nd St<br>Guymon OK 73942 | Ben Vega<br>Tel: (877) 478-3780<br>benvega@qvestsanitation.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $211,547.00 |
| 10 | Cottonwood County Auditor/Treasurer<br>900 3rd Avenue<br>Windom MN 56101 | Gale Bondhus<br>gale.bondhus@co.cottonwood.mn.us | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $210,059.00 |
| 11 | Coldpoint Logistics Warehouse LLC<br>5015 NW Canal Street<br>Riverside MO 64150 | Aaron Burks<br>Tel: (913) 208-0818<br>aburks@northpointkc.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $184,122.68 |
| 12 | First Call Logistics LLC<br>3608 Industrial Pkwy<br>Birmingham AL 35217 | abbi@gofclogistics.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $156,847.00 |
| 13 | Crown Equipment Corporation<br>44 South Washington Street<br>New Bremen OH 45869 | Landon Wallace<br>landon.wallace@crown.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $148,340.48 |
| 14 | Arnold Bros Transport Ltd<br>739 Lagimodiere Boulevard<br>Winnipeg MB R2J 0T8<br>Canada | Jeff Arnold<br>jeffa@arnoldbros.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $145,845.76 |
| 15 | Steam Logistics<br>325 Market St<br>Suite 204<br>Chattanooga TN 37402 | Nicholas Thompson<br>nicholas.thompson@steamlogistics.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $137,993.70 |
| 16 | Gartner Refrigeration<br>13205 16th Avenue North<br>Minneapolis MN 55441-4566 | Ross Olson<br>rosso@gartner-refrig.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $127,349.06 |
| 17 | Allen Lund Company LLC<br>4529 Angeles Crest Highway<br>La Cañada Flintridge CA 91011 | Graham Conrad<br>Graham.Conrad@allenlund.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $99,974.00 |

Debtor  **TRITEK INTERNATIONAL INC., et al.**                                                                Case number *(if known)* **23-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Motion Industries<br>1605 Alton Road<br>Birmingham AL 35210 | Dion Blount<br>dion.blount@motion.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $98,345.84 |
| 19 | Ecolab<br>1 Ecolab Place<br>Saint Paul MN 55102-2233 | Holly Bode<br>Holly.Bode@ecolab.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $96,788.40 |
| 20 | Frontmatec Inc.<br>51 Rte Morissette<br>Saint-Anselme QC G0R 2N0<br>Canada | Frederic Guerette<br>fgu@frontmatec.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $76,665.98 |
| 21 | Coyote Logistics LLC<br>2545 West Diversey Avenue<br>3rd Floor<br>Chicago IL 60647 | Karley Mohler<br>karley.mholer@coyote.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $76,536.00 |
| 22 | Bunzl Processor Division<br>Espresso Way<br>York PA 17406 | Mark Figueiredo<br>mfigueiredo@sursealpackaging.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $74,582.10 |
| 23 | Mechanical Systems Inc<br>1001 Tuckaseegee Road<br>Charlotte NC 28208 | Christopher<br>christopher@mechsystemsinc.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $74,274.50 |
| 24 | Stinson Leonard Street<br>1201 Walnut Street<br>Suite 2900<br>Kansas City MO 64106 | Erin Rouleau<br>erin.rouleau@stinson.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $71,449.89 |
| 25 | Monona County Iron Inc.<br>105 Sioux St<br>Mapleton IA 51034 | Jaclyn Wessel<br>mocoiron@hotmail.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $65,230.00 |
| 26 | Paradis' Inc<br>PO Box 97<br>Brooks MN 56715 | Ryan Paradis<br>ryan@paradisinc.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $64,850.00 |
| 27 | Kirsch Transportation Services Inc<br>25 Main Place<br>Suite 300<br>Council Bluffs IA 51503-0790 | Lindsay Gappa<br>lindsayg@kirschtrans.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $64,480.00 |

Debtor **TRITEK INTERNATIONAL INC., et al.** Case number *(if known)* **23-\_\_\_\_\_**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent unliqui-dated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 28 | G2 Logistics Transport Inc.<br>944 Henry Ave<br>Winnipeg MB R3E 3L2<br>Canada | Jom Gershman<br>jon@g2logistics.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $63,471.28 |
| 29 | Scotlynn<br>1150 Vittoria Road<br>Vittoria ON N0E 1W0<br>Canada | Marymichael Berg<br>mberg@scotlynn.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $60,084.59 |
| 30 | Flexsol Packaging Corp<br>Dba Isoflex Packa<br>1531 NW 12th Ave<br>Pompano Beach FL 33069 | Joe Burghardt<br>Joe.Burghardt@isoflexpkg.com | Accounts Payable | ☐ C<br>☐ U<br>☐ D | | | $59,850.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HYLIFE FOODS WINDOM, LLC, | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, HyLife Foods Windom, LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Kind of Interest | Percentage of Interests Held |
|---|---|---|
| Skyline International Incorporated<br>5 Fabas Street, P.P. Box 100<br>La Broquerie, MB R0A 0W0 | Membership | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HYLIFE FOODS WINDOM, LLC, | ) ) ) | Case No. 23-_____ (___) |
| Debtor. | ) ) | (Joint Administration Requested) |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, HyLife Foods Windom, LLC, to the best of its knowledge, information, and belief, states that the following corporate entities/individuals own more than 10% of the Debtor's equity interest:

| Shareholder | Percentage of Total Shares |
|---|---|
| Skyline International Incorporated<br>5 Fabas Street, P.P. Box 100<br>La Broquerie, MB R0A 0W0 | 100% Membership Interest |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name  HyLife Foods Windom, LLC

United States Bankruptcy Court for the: _____    District of  Delaware
(State)

Case number (*If known*): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the ~~20~~ 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration  List of Equity Security Holders, Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/27/2023            X  /s/ Grant Lazaruk
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                   Grant Lazaruk
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

# HYLIFE FOODS WINDOM, LLC

## JOINT WRITTEN CONSENT OF SOLE MEMBER

## AND THE BOARD OF GOVERNORS

### Dated: As of April 24, 2023

The undersigned, being (i) the sole member (the "**Member**") of HyLife Foods Windom, LLC, a Minnesota limited liability company (the "**Company**") and (ii) all the members of the Board of Governors (the "**Board of Governors**") of the Company, do hereby consent and agree to the following recitals and resolutions pursuant to the Amended and Restated Operating Agreement of the Company (the "**Operating Agreement**") and the Minnesota Revised Uniform Limited Liability Company Act:

### A. BANKRUPTCY CASE

WHEREAS, in accordance with Section 7.4(a) of the Operating Agreement, the Member intends its signature to this Joint Written Consent to constitute its prior written consent in favor of the Board of Governors making the following resolutions and taking the actions described in this Joint Written Consent;

WHEREAS, the Board of Governors reviewed the materials presented by the management and the financial and legal advisers of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business; and

WHEREAS, the Board of Governors has had the opportunity to consult with the management and the financial and legal advisers of the Company and fully consider each of the strategic alternatives available to the Company.

I. **Voluntary Petition Under Chapter 11 of Title 11 of the United States Code.**

NOW, THEREFORE, BE IT RESOLVED THAT: In the judgment of the Board of Governors, it is desirable and in the best interests of the Company, its creditors, equityholders, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code on or before April 27, 2023; and

BE IT FURTHER RESOLVED THAT: Each of Grant Lazaruk, Howard Siemens, and such other officers as may be designated by one of the foregoing individuals (collectively, the

1

"**Authorized Officers**"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief.

II. **Retention of Professionals.**

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the law firm of Katten Muchin Rosenman LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Katten Muchin Rosenman LLP;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the law firm of Potter Anderson & Corroon LLP as general bankruptcy co-counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Potter Anderson & Corroon LLP;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as financial advisor to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone

or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Intrepid Investment Bankers as investment banker to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Intrepid Investment Bankers;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Donlin Recano & Company, Inc. as administrative, notice and claims agent to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Donlin Recano & Company, Inc.; and

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under title 11 of the United States Code; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the chapter 11 case and to cause to be filed an appropriate application

for authority to retain the services of any other professionals as necessary.

III. **Debtor in Possession Financing Agreement.**

BE IT FURTHER RESOLVED THAT: The form, terms, and provisions of that certain DIP Financing and Release Agreement (the "**DIP Financing Agreement**"), by and among the Company and certain of its co-debtor affiliates, each as debtors and debtors-in-possession in cases pending under chapter 11 of the Bankruptcy Code, on the one hand, and CPF Canada Holdings Corp., a Canadian corporation, and Itochu Corporation, a Japanese corporation (together, the "**DIP Lenders**"), on the other hand, and the Company's performance of its obligations under the DIP Financing Agreement and any interim or final order entered in the Company's chapter 11 case be (any such order, a "**DIP Order**"), be and hereby are, in all respects, approved; and further resolved that the form, terms and provisions of the documents ancillary to the DIP Financing Agreement (together with the DIP Financing Agreement, the "**DIP Loan Documents**"), are hereby in all respects approved, and the Authorized Officers, acting alone or with one or more Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the DIP Financing Agreement, and each of the other DIP Loan Documents, in the name and on behalf of the Company under its corporate seal or otherwise, substantially in the forms reviewed by one or more Authorized Officers, with such changes therein and modifications and amendments thereto as any Authorized Officer or Officers may in his, her, or their sole discretion approve, which approval shall be conclusively evidenced by his, her, or their execution thereof;

BE IT FURTHER RESOLVED THAT: The Company is authorized to grant and/or reaffirm any liens and security interests in and to all of the Company's assets of whatever kind (i) in favor of the DIP Lenders as collateral to secure the Company's obligations under the DIP Financing Agreement and the other DIP Loan Documents, and (ii) in favor of Compeer Financial, PCA and Compeer Financial, FLCA, in their capacities as co-administrative agents (together, the "**Prepetition Agent**") for the lenders (collectively with the Prepetition Agent, the "**Prepetition Secured Parties**") under that certain Credit Agreement, dated as of May 6, 2020, as collateral to secure the Company's obligations with respect to the use of any prepetition collateral (including cash collateral) during the pendency of its chapter 11 case and in order to provide adequate protection in favor of the Prepetition Secured

4

Parties with respect to such use of prepetition collateral (including cash collateral), in all cases consistent with any DIP Order;

BE IT FURTHER RESOLVED THAT: In the judgment of the Board of Governors, it is in the best interest of the Company, its equityholders, and its creditors and in pursuit of its corporate purposes as an integral part of the business conducted and proposed to be conducted by the Company and its debtor affiliates to make the agreements provided for in the DIP Financing Agreement and the other DIP Loan Documents, and that doing so is necessary and convenient (i) in connection with the business conducted and proposed to be conducted by the Company and (ii) to induce the DIP Lenders to enter into the DIP Financing Agreement and the other DIP Loan Documents and to extend credit thereunder;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates, or documents relating to the transactions contemplated by the DIP Loan Documents, and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, or documents in the name and on behalf of the Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Loan Documents and the transactions contemplated therein; and to carry out fully the intent of the foregoing resolutions;

BE IT FURTHER RESOLVED THAT: Each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable; and

BE IT FURTHER RESOLVED THAT: All acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents be, and hereby are, in all respects confirmed, approved, and ratified.

## B. FURTHER ACTIONS AND PRIOR ACTIONS

BE IT RESOLVED THAT: Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of the Company to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT RESOLVED THAT: All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

[*Signature Page Follows*]

**IN WITNESS WHEREOF,** the undersigned, being the sole Member of the Company, has executed and delivered this Joint Written Consent in lieu of meeting as of the date first written above.

Skyline International Inc.

_____
Grant Lazaruk

**IN WITNESS WHEREOF,** the undersigned, being all of the members of the Board of Governors of the Company, have executed and delivered this Joint Written Consent in lieu of meeting as of the date first written above.

_____
Grant Lazaruk
*Governor*

_____
Howard Siemens
*Governor*

_____
Guy Baudry
*Governor*

[*Signature Page to HyLife Foods Windom, LLC Joint Written Consent*]